**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 10 2016



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TANYA ROSENBERG, an individual on behalf of herself, and all persons similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>RENAL ADVANTAGE INC., a Delaware Corporation and DOES, 1 through 50, inclusive,<br><br>        Defendants - Appellees. | No.14-55786<br><br>D.C. No. 3:11-cv-02152-GPC-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges and MENDOZA,[**] District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Plaintiff-Appellant Tanya Rosenberg ("Rosenberg") appeals the district court's refusal to certify the plaintiff class she proposed, and its grant of summary judgment in favor of her former employer, Renal Advantage, Inc. ("RAI") in her suit claiming misclassification under California overtime laws. We affirm.

## I.

The district court did not abuse its discretion when it denied class certification on the ground that Rosenberg failed to satisfy several requirements for class certification, including commonality.

To show commonality, plaintiffs must demonstrate there are questions of law or fact common to the class and that those questions will generate common answers apt to drive the resolution of the litigation. *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011).

Application of the professional exemption is determined by reference to the "actual job duties performed by that employee." *In re United Parcel Service Wage and Hour Cases*, 190 Cal.App.4th 1001, 1014–15 (Cal. 2010).

The parties submitted evidence that registered dietitians employed by RAI exercised varying levels of discretion and independent judgment. For example, some putative class members could change their patients' diet plans without input or

approval from the physician, while others could not. The evidence also showed that some putative class members' diet orders were effective without physician approval, while others needed physician approval. Additionally, some putative class members could deviate from RAI protocols while others could not. This variation between class members would impede the generation of common answers.

Because we conclude that Rosenberg failed to prove commonality, certification was properly denied. Because we do not reach predominance under Rule 23(b)(3), we also deny Rosenberg's motion to take judicial notice.

## II.

The district court did not err when it granted summary judgment in favor of RAI on the ground that Rosenberg was exempt from California overtime laws as a professional employee.

The parties dispute only the second prong of the California professional exemption—whether she customarily and regularly exercised discretion and independent judgment in the performance of her duties. 8 C.C.R. § 11040(1)(A)(3).

Whether a person is a professional employee exempt from overtime requirements is a mixed question of law and fact. *Ramirez v. Yosemite Water Co.*, 20 Cal.4th 785, 794, 85 Cal.Rptr.2d 844, 978 P.2d 2 (Cal. 1999). What a person did as

an employee is a question of fact, while the precise scope of the exemption is a question of law. *Ramirez*, 20 Cal.4th at 794. Thus, if there is no dispute as to job duties, we can hold as a matter of law that the person either does or does not fall into the professional exemption.

Here, there is no dispute of fact as to the duties Rosenberg performed. According to Rosenberg's own deposition testimony, she spent approximately 85 percent of her time proving nutrition education and counseling based on individualized patient dietary needs; monitoring nutritional status, laboratory values, dialysis kinetics, adherence and response to dietary and/or nutrition therapy; evaluating outcomes and making modifications; assessing nutritional status of patients and developing short and long term treatment goals; and developing an individual dietary plan for each patient. In performing these duties, her own deposition testimony shows she exercised considerable discretion and independent judgment in the realm of nutrition.

Rosenberg's three arguments on appeal are not fact-based, and thus do not reflect any genuine issue of material fact. Employees do not need final decisionmaking authority to fall under the professional exemption. *See United Parcel Service*, 190 Cal.App.4th at 1027. Regulations addressing the exempt status

of registered nurses and cases interpreting those regulations are irrelevant to registered dietitians. *See Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 867 (C.D. Cal. 2012). Policies and procedures promulgated by the employer do not, as a matter of law, indicate a lack of discretion and independent judgment. *Cf. Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 830 (9th Cir. 2011); *Mevorah v. Wells Fargo Home Mortg. (In re Wells Fargo Home Mortg. Overtime Pay Litig.)*, 571 F.3d 953, 958–59 (9th Cir. 2009). And Berkowitz's conclusion that registered dietitians at RAI have "no autonomy" is an opinion, not a fact.

## III.

For the reasons set forth herein, we AFFIRM the district court's judgment.